**In re Daniel J. MILES, Debtor.**

**Stuart Katz, Carlee Rizzolo, Joan Bottari, and the Sandra Bottari Revocable Living Trust, Movants,**

v.

**Daniel J. Miles, Respondent.**

**No. 09–92601–MHM.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 29, 2011.

Joseph J. Burton, Jr., Burton & Armstrong, Atlanta, GA, for Debtor.

James C. Cifelli, Lamberth, Cifelli, Stokes & Stout, PA, William D. Matthews, Lamberth, Cifelli, Stokes, Ellis & Nason, Atlanta, GA, for Trustee.

David S. Weidenbaum, Lindsay N.P. Swift, Office of the U.S. Trustee, Atlanta, GA, for U.S. Trustee.

## ORDER DENYING MOTION FOR RECONSIDERATION

MARGARET H. MURPHY,
Bankruptcy Judge.

Movants, among others, filed a motion to extend the time for filing a complaint to determine dischargeability under 11 U.S.C. § 523(a) and Bankruptcy Rule 4007; and to object to the discharge of Debtor under 11 U.S.C. § 727(a) and Bankruptcy Rule 4004 (Doc. No. 295) (the "Extension Motion"). Debtor filed a response opposing the requested extension of time (Doc. No. 303). Hearing was held October 5, 2010, as a result of which an order denying an extension of time was entered October 8, 2010 (Doc. No. 306) (the "Order").

On October 22, 2010, Movants filed a motion for reconsideration of the Order (Doc. No. 311) (the "Reconsideration Motion"). Movants assert that they were improperly grouped together with others of the group of creditors who had joined in the Extension Motion and who had been involved in investigations of and negotiations with Debtor prepetition. Movants also contend that the court should apply a liberal standard to such extension motions. Debtor filed a response to the Reconsideration Motion asserting that Movants failed to show good cause for extending time, as required by Bankruptcy Rules 4004 and 4007 (Doc. No. 332).

Movants seek reconsideration under Bankruptcy Rule 9023, which incorporates Fed. R. Civ. Proc. 59. Bankruptcy Rule 9023 motions for new trial or to alter or amend an order should not be used to relitigate issues already decided, to pad the record for an appeal or to substitute for an appeal. *Kellogg v. Schreiber,* 197 F.3d 1116 (11th Cir.1999) (re Bankruptcy Rules 9023 and 9024); *In re McDaniel,* 217 B.R. 348 (Bankr.N.D.Ga.1998) (J. Drake) (re Rule 9023/59); *In re Oak Brook Apartments of Henrico County, Ltd.,* 126 B.R. 535 (Bankr.S.D.Ohio 1991) (re Rule 9023/59). Such a motion is frivolous if it raises no manifest errors of law or misapprehensions of fact to explain why the court should change the original order.

*McDaniel,* 217 B.R. 348; *Magnus Electronics v. Masco Corp.* 871 F.2d 626 (7th Cir.1989) (re Rule 9023/59). Motions to alter or amend should not be used to raise arguments which were or could have been raised before judgment was issued. *Kellogg v. Schreiber,* 197 F.3d 1116; *McDaniel,* 217 B.R. 348; *O'Neal v. Kennamer,* 958 F.2d 1044 (11th Cir.1992) (Rule 59).

In the instant case, Movants' arguments in support of reconsideration are that the order was based upon an unsupported factual finding that Movants were aware of Debtor's conduct prior to filing of the involuntary bankruptcy petition, thus having had two years to investigate Debtor. Movants show that they were not part of the group of creditors who negotiated with Debtor prepetition and eventually became the petitioning creditors in the involuntary petition. Additionally, Movants assert the court applied too strict a legal standard in deciding the motion to extend time.

Movants were allowed four months after conversion of this case to a Chapter 7 case to attend the Chapter 7 § 341(a) meeting of creditors and conduct discovery. This time period was in addition to the nine months that the case was pending as a Chapter 11 case prior to conversion.

 Bankruptcy Rules 9006(b)(1), 4004(b), and 4007(c) provide that a motion for extension of time may be granted if the request is filed before the expiration of the time originally prescribed. Determination of whether a creditor satisfies the "for cause" standard is within the discretion of the bankruptcy court. *In re James,* 187 B.R. 395 (Bankr.N.D.Ga.1995). Generally, a creditor must show special circumstances to justify an extension of time under Rules 4004 or 4007. *Id.* "The 'cause' set out in Bankruptcy Rule 4007(c) is not to be interpreted as 'just because I ask.'" *In re Garner,* 339 B.R. 610 (Bankr.W.D.Tex. 2006). The "cause" must be compelling and the creditor must show the reasons it was unable to accomplish its investigation within the time allowed by the Bankruptcy Rules. *Id.*

 Debtor shows that he has cooperated in providing information at the § 341(a) meeting of creditors, several hours of examination, and responding to discovery requests. Movants have had sufficient time to engage in the "fishing expedition" permitted by Rule 2004, and have shown insufficient cause to be allowed an extended fishing license. Accordingly, it is hereby

ORDERED that the motion for reconsideration is ***denied.***

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Debtor, Debtor's attorney, Movants' attorney and the Chapter 7 Trustee.

IT IS SO ORDERED.