**Alice D. PETRONE, Debtor.**

**Alice D. Petrone, Appellant.**

**BAP No. RI 13–007.**
**Bankruptcy No. 08–12024–DF.**

United States Bankruptcy Appellate Panel
of the First Circuit.

Sept. 11, 2013.

Alice D. Petrone, pro se, on brief for Appellant.

Before LAMOUTTE, HAINES, and DEASY, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

The debtor, Alice C. Petrone, appeals pro se from the bankruptcy court's order denying her 27th and 28th motions to delay entry of her discharge, and the order entering her discharge.[1] For the reasons set forth below, we **AFFIRM**.

### BACKGROUND

The debtor filed a chapter 7 petition in July 2008. The trustee held a § 341 meeting on August 7, 2008, and the deadline for filing objections to the debtor's discharge expired on October 6, 2008. During the course of the bankruptcy case, the debtor made dozens of requests to delay the entry of her discharge, first so that she could finalize reaffirmation agreements with creditors holding loans secured by her residence and her automobile, and later so that she could negotiate out-of-court loan modifications with the mortgagees. The bankruptcy court granted all of the debtor's requests through August 2012.

The debtor filed her 26th motion to delay the entry of her discharge on September 28, 2012. At a hearing in November 2012, the bankruptcy court advised the debtor that such repeated delays of the entry of her discharge after more than four years were not consistent with the framework of chapter 7. The debtor pleaded for one last extension until December 30, 2012, which the bankruptcy court reluctantly granted, stating that her discharge would enter at that time. Nonetheless, on December 28, 2012, the debtor filed her 27th motion to delay her discharge, which the bankruptcy court denied in a bench ruling on January 30, 2013. The very next day, the debtor filed her 28th motion to delay her discharge.

On February 4, 2013, the bankruptcy court issued a "Memorandum of Order" in which it: (1) memorialized its bench ruling from January 30, 2013 denying the debtor's 27th motion to delay her discharge; (2) denied the debtor's 28th motion to delay her discharge; and (3) ordered the entry of the debtor's discharge "forthwith." Also on February 4, 2013, the bankruptcy court issued an Order Discharging Debtor.

Quoting *In re Roderick*, 425 B.R. 556, 571 (Bankr.E.D.Cal.2010), the bankruptcy court noted in its decision that the Bankruptcy Rule 4004(c)(2) discharge deferral has its limits and cannot be used to "run roughshod over security interests generally" or for the "indefinite delay of the inevitable." Finding that the debtor wanted her discharge delayed indefinitely and that she was seeking "to use the sword of the automatic stay against her mortgage lenders," the bankruptcy court determined that the "undue delay of the entry of [the debtor's] discharge for such purpose is not in good faith and is repugnant to the statutory framework of Chapter 7." According to the bankruptcy court, any further delay of the debtor's discharge was "unreasonable and contravene[d] the protections afforded to secured creditors [ . . . ] whose mortgages against the Debtor's personal residence [we]re unaffected by the bankruptcy filing, except for the temporal bar to a foreclosure action under Bankruptcy Code § 362 until after the Debtor's discharge enters. *See* Bankruptcy Code § 524(a)."

This appeal followed.

### JURISDICTION

██ Before addressing the merits of an appeal, we must determine that we

---

**1.** Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.* All references to "Bankruptcy Rule" shall be to Federal Rules of Bankruptcy Procedure.

have jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998). We have jurisdiction to hear appeals from: (1) final judgments, orders, and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). Even if interlocutory, however, an order is nevertheless appealable if it has merged into a subsequent order which is a final appealable order. *Rivera Siaca v. DCC Operating, Inc. (In re Olympic Mills Corp.)*, 333 B.R. 540, 548 (1st Cir. BAP 2005). As the orders at issue here denied the debtor's request to delay the entry of her discharge, and entered her discharge, they are final, appealable orders. Thus, we have jurisdiction to hear this appeal.

### STANDARD OF REVIEW

We review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof. *See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010); *see also In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir.1990) ("Discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion."). Thus, we review the bankruptcy court's denial of the debtor's request to defer the entry of her discharge under Bankruptcy Rule 4004(c)(2) for abuse of discretion, and its entry of discharge pursuant to Bankruptcy Rule 4004(c)(1) *de novo*.

### DISCUSSION

Bankruptcy Rule 4004(c)(1) provides that in a chapter 7 case, after the time has expired for parties to object to the debtor's discharge, the bankruptcy court "shall forthwith grant the discharge" unless one of the listed factors is present. Ordinarily, if none of the exceptions apply (the debtor has not demonstrated that any do), and no party files a timely objection (none did), a chapter 7 debtor's discharge is routinely entered a little more than sixty days after the meeting of creditors, which is generally held within six weeks of the commencement of a case pursuant to § 341. *See* Fed. R. Bankr.P. 2002(a) and 4004(c).

Notwithstanding Bankruptcy Rule 4004(c)(1), a bankruptcy court may defer the entry of debtor's discharge for up to 30 days, and, if the debtor files another motion within that 30–day period, the bankruptcy court may exercise its discretion to further defer the entry of discharge to a "date certain." Fed. R. Bankr.P. 4004(c)(2). "The threshold prerequisite to an exercise of discretion to defer discharge under Rule 4004(c)(2) is that the debtors must be acting in good faith." *In re Roderick*, 425 B.R. at 570. Although multiple extensions may be warranted under certain circumstances, Bankruptcy Rule 4004(c)(2) cannot be used to delay the entry of discharge indefinitely. *Id.* at 571.

### CONCLUSION

After studying the debtor's brief, the appellate record, and the bankruptcy court's decision, we simply cannot conclude that the bankruptcy court abused its discretion by not further delaying the entry of the debtor's discharge in this five-year-old case, nor did it err in entering the discharge order. Thus, we **AFFIRM**.