Fagone, U.S. Bankruptcy Appellate Panel Judge.
These companion appeals arise out of a creditor's efforts to deny, delay, or limit a chapter 7 debtor's discharge. A discharge, *448 the creditor feared, would preclude continuation of its efforts to elevate an unsecured claim to a secured claim by obtaining a lien on the debtor's principal residence. The bankruptcy court issued an order dismissing the creditor's complaint in its entirety and a separate order granting the debtor a discharge, and the creditor appealed both orders. To the extent the creditor sought to deny the debtor a discharge, the creditor has waived its right to appeal the bankruptcy court's rulings. Accordingly, we DISMISS the appeals in part for lack of jurisdiction. To the extent the creditor sought to delay the entry of a discharge or to limit the scope of the discharge injunction, the creditor failed to set forth plausible claims for relief, and we AFFIRM.
BACKGROUND [1]
In April 2015, Hipolito Ramos Herrera (the "Debtor") started a chapter 13 case. In the case, Banco Cooperativo de Puerto Rico ("BCPR") asserted a claim in the amount of $160,166.69 arising from a promissory note signed by the prior owner of the Debtor's principal residence (the "Property"). Having failed to record a mortgage on the Property, BCPR asserted a general unsecured claim in the chapter 13 case.[2]
The Debtor's prior chapter 13 case had been dismissed in March 2015. As a result, § 362(c)(3) was implicated when he filed the current case in April 2015. Because no party in interest sought an extension of the automatic stay under § 362(c)(3)(B) in the present case, the stay terminated in May 2015.[3] The chapter 13 case converted to a chapter 7 case in July 2016.
After the automatic stay terminated under § 362(c)(3), BCPR made several requests to the bankruptcy court for a "comfort order" under § 362(j) confirming that the stay had terminated with respect to the Property.[4] Almost a year after BCPR's first request for a comfort order, the bankruptcy court issued an order confirming that the stay had terminated by operation of law and that BCPR was "free *449 to pursue remedies available under state law." In response to the chapter 7 trustee's notice of intent to abandon the Property, BCPR asked the court to "clarify that BCPR [wa]s allowed to continue securing a property interest in State Court."[5] The bankruptcy court then entered another order in which it stated that BCPR was "allowed to continue with its state law remedies." These orders are referred to collectively as "the Comfort Orders."
With the entry of a discharge looming, BCPR commenced an adversary proceeding seeking to preserve its ability to obtain a lien on the Property. In Count I of its complaint, entitled "Objection To Discharge In Accordance With The Court's [Comfort] Orders," BCPR requested that any discharge order clarify that the Comfort Orders permitted BCPR to proceed in the Local Court to obtain a lien on the Property and subsequently have its claim "declared secured." It did not, however, expressly seek to deny the entry of the Debtor's discharge, nor did it cite § 727(a). In Count II, entitled "Objection to Discharge due to the [P]ending Objection to the [Debtor]'s [E]xemptions," BCPR alleged that, because the bankruptcy court had not ruled on its objection to the Debtor's claimed exemptions, there was "uncertainty as to the assets that belong to the bankruptcy estate and those that remain property of the Debtor pursuant to [§] 522 of the Bankruptcy Code."[6] BCPR contended, without citing any legal authority, that the bankruptcy court should rule on the objection to the Debtor's claimed exemption prior to the entry of a discharge. As with Count I, BCPR did not actually object to the entry of the Debtor's discharge.
The Debtor moved to dismiss the complaint for, among other reasons, failure to state a claim. The Debtor maintained that BCPR failed to assert any grounds to deny a discharge under § 727(a). He also asserted that BCPR's alternative argument that the court should delay the entry of a discharge until it had resolved BCPR's objection to the Debtor's claimed exemption "d[id] not belong [i]n an objection to discharge complaint." According to the Debtor, the adversary proceeding was a "veiled attempt to prolong the closure of this case *450 ... long enough for [BCPR] to secure a lien on the [P]roperty." As a result, the Debtor asserted, BCPR did not set forth a plausible claim upon which relief could be granted, and the court should dismiss the complaint pursuant to Rule 12(b)(6).
BCPR opposed the motion to dismiss, contending that it had established a plausible claim for relief because the bankruptcy court had expressly allowed BCPR to pursue its state law remedies, and there was a pending action seeking such remedies. BCPR stressed that it was not seeking relief solely under § 727; rather, it was requesting that the bankruptcy court, "through its equitable powers [under § 105(a) ], taking into consideration the provisions of [§§] 727(b) and 502(j), extend[ ] the deadline to enter a discharge and/or clarif[y] that BCPR may amend its [claim] if the State Court enters judgment in its favor." According to BCPR, the requested relief was "premised on the [Comfort Orders] ... and BCPR's right to seek remedies under state law ...." BCPR argued that without the requested relief, the "purpose" of the Comfort Orders would not be achieved.
After a hearing, the bankruptcy court granted the motion to dismiss under Rule 12(b)(6) for failure to state a claim. The bankruptcy court treated the complaint primarily as one objecting to discharge, and concluded that: (1) BCPR failed to state a colorable claim because it did not allege any of the exceptions to discharge enumerated in § 727(a); and (2) neither the Comfort Orders nor § 105(a) nor § 502(j) provided valid grounds for objecting to the Debtor's discharge. The bankruptcy court gave short shrift to BCPR's alternative request that any discharge order entered "clarify and/or recognize BCPR's right to [obtain a lien]." In a footnote, the bankruptcy court construed that request as one for "clarification or reconsideration of the [Comfort Orders]," and ruled that the request "should have been timely asserted in the legal case through Bankruptcy Rule 9023 or under the mantle of Bankruptcy Rule 9024." The bankruptcy court then entered a judgment dismissing the adversary proceeding and an order granting a discharge to the Debtor.
BCPR timely filed separate notices of appeal with respect to the judgment and the discharge order.
JURISDICTION
As a threshold matter, we must determine whether we have jurisdiction before addressing the merits of these appeals. "We may hear appeals from final judgments, orders, and decrees ...." Formatech, Inc. v. Sovereign Bank (In re Formatech), 483 B.R. 363, 367 (1st Cir. BAP 2012) (citing 28 U.S.C. § 158(a), (b), and (c) ).
The complaint is not a model of clarity, containing requests for relief that are at odds with its title and the headings of the respective counts. This ambiguity complicates our jurisdictional analysis to a certain extent. Mindful of our obligation to read the complaint liberally, see Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), we view the complaint as asserting three alternative requests for relief: (1) an order denying the Debtor's discharge; (2) an order delaying the entry of the discharge, and (3) an order qualifying or limiting the scope of the discharge injunction. By its judgment, the bankruptcy court effectively dismissed the complaint as to all three requests for relief and thereafter granted the Debtor a discharge.
"A bankruptcy discharge order is a final judgment ...." Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1199 (9th Cir. 2008), aff'd, *451 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). "Generally, an order granting a motion to dismiss an adversary proceeding is a final order." Privitera v. Curran (In re Curran), 554 B.R. 272, 278 (1st Cir. BAP 2016) (citation omitted), aff'd, 855 F.3d 19 (1st Cir. 2017). Thus, both of the challenged orders are final. "But finality is not the sole determinant for establishing appellate jurisdiction ...." In re Formatech, Inc., 483 B.R. at 367. "The First Circuit 'generally holds a party who consents to a judgment to have waived the right of appeal ....' " United Sur. & Indem. Co. v. P.R. Elec. Power Auth. (In re Industrias Vassallo, Inc.), BAP No. PR 15-046, 2016 Bankr. LEXIS 2944, at *19 (1st Cir. BAP Aug. 5, 2016) (quoting Scanlon v. M.V. SUPER SERVANT 3, 429 F.3d 6, 8 (1st Cir. 2005) ).
Here, BCPR acknowledges that its complaint is not a "typical" one objecting to discharge. Indeed, in both the proceedings below and in these appeals, BCPR has conceded that none of the statutory grounds set forth in § 727(a) for denying discharge were implicated and that it was not seeking to deny the Debtor's discharge in its entirety. For example, in its brief, BCPR stated: "BCPR has no objection to a discharge order being entered." In the bankruptcy court, BCPR acknowledged that it did not "seek to avoid the entry of the [Debtor's] discharge altogether." Rather, BCPR stated, it sought either to "extend the entry of the discharge or to qualify the discharge" so that it could pursue its asserted lien. In the prayer for relief in its complaint, BCPR requested, among other things, that the bankruptcy court "enter a discharge order," albeit one with certain clarifications relating to its alleged right to obtain a lien.
To the extent that BCPR now challenges either the bankruptcy court's order dismissing its complaint as one objecting to the Debtor's discharge or the discharge order, BCPR has waived its right to appeal. We, therefore, lack jurisdiction to consider those aspects of these appeals. See Industrias Vassallo, Inc., 2016 Bankr. LEXIS 2944, at *19 (dismissing cross-appeal from an order dismissing an adversary proceeding where cross-appellant represented that it had no objection to plaintiff's voluntary dismissal of the complaint). Our review of the merits, then, is limited to the bankruptcy court's dismissal of the complaint insofar as that complaint constitutes a request to postpone or qualify the Debtor's discharge.
STANDARD OF REVIEW
We review the order dismissing BCPR's complaint using a de novo standard of review. See González v. Vélez, 864 F.3d 45, 50 (1st Cir. 2017) (citation omitted). We review the bankruptcy court's entry of a discharge using the same standard. See In re Petrone, 498 B.R. 1, 3 (1st Cir. BAP 2013). "De novo review means that the appellate court is not bound by the bankruptcy court's view of the law." Wiscovitch-Rentas v. Villa Blanca VB Plaza LLC (In re PMC Mktg. Corp.) 543 B.R. 345, 354 (1st Cir. BAP 2016) (citation omitted) (internal quotations omitted).
DISCUSSION
I. The Standards
A. The 12(b)(6) Standard
The Debtor sought dismissal of the complaint under Rule 12(b)(6). Rule 12(b)(6) "provides a vehicle for [parties] to request the dismissal of a case or claims for failure to state a claim upon which relief may be granted." Febus-Cruz v. Sauri-Santiago, 652 F.Supp.2d 140, 146 (D.P.R. 2009) (citing Fed. R. Civ. P. 12(b)(6) ). "A Rule 12(b)(6) dismissal may *452 be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' " Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). To avoid dismissal under Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955 ).
B. Extensions of the Objection Deadline
Section 727(c)(1) authorizes "[t]he trustee, a creditor or the United States trustee" to "object to the granting of a discharge under subsection (a) ...." 11 U.S.C. § 727(c)(1) ; see also Kontrick v. Ryan, 540 U.S. 443, 447, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Bankruptcy Rule 4004 provides that "a complaint ... objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a) ; see also Kontrick, 540 U.S. at 446, 124 S.Ct. 906. In the absence of a timely objection, and subject to certain exceptions listed in subsection (c), "the court shall forthwith grant the discharge." Fed. R. Bankr. P. 4004(c).
Bankruptcy Rule 4004(b)(1) authorizes the court to extend the objection deadline "for cause" if a party in interest files a motion requesting an extension before the time to object has expired. Fed. R. Bankr. P. 4004(b)(1). Neither the Bankruptcy Code nor the Bankruptcy Rules define "cause," and the determination is committed to the bankruptcy court's discretion. In re Ballas, 342 B.R. 853, 856 (Bankr. M.D. Fla. 2005) (citation omitted), aff'd, 212 F. App'x 867 (11th Cir. 2006) ; see also Rupp v. Auld (In re Auld), 561 B.R. 512, 515-16 (10th Cir. BAP 2017) (stating that the determination of whether cause exists to extend the time to object to a debtor's discharge is left to the bankruptcy court's discretion). Case law on the meaning of the phrase "for cause" in Bankruptcy Rule 4004(b)(1) is scarce. See Link v. Mauz (In re Mauz), 513 B.R. 273, 279-80 (Bankr. M.D. Pa. 2014) (observing there are few cases discussing the definition of "for cause" under Bankruptcy Rule 4004(b)(1) ). Ordinarily, however, " '[c]ause' is narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's 'fresh start.' " In re Nowinski, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citations omitted); see also In re Aksman, No. 14-2601 (JAP), 2014 WL 7271945, at *2 (D.N.J. Dec. 17, 2014) ("Many courts have applied a strict interpretation of this rule and required a substantial showing of cause.") (citations omitted). "Generally, a creditor must show special circumstances to justify an extension of time" under Bankruptcy Rule 4004. Katz v. Miles (In re Miles), 453 B.R. 449, 451 (Bankr. N.D. Ga. 2011) (citation omitted). "The 'cause' must be compelling and the creditor must show the reasons it was unable to accomplish its investigation within the time allowed by the Bankruptcy Rules." Id. (citation omitted). Here, BCPR did not request an extension of the deadline for objecting to discharge under Bankruptcy Rule 4004(b)(1).
*453 C. Postponing Entry of a Discharge
Bankruptcy Rule 4004(c)(1) provides that, upon expiration of the deadline for objecting to discharge in a chapter 7 case, the bankruptcy court "shall forthwith grant the discharge," unless one of the enumerated exceptions in the rule applies. Fed. R. Bankr. P. 4004(c)(1) (emphasis added). Bankruptcy Rule 4004(c)(2) allows the court, "on motion of the debtor," to defer the entry of a discharge for up to 30 days or, upon a subsequent motion, for a longer (but not unlimited) period. Fed. R. Bankr. P. 4004(c)(2). However, only the debtor is authorized to request a deferral under this Rule. In re Graham, 297 B.R. 695, 700 n.4 (Bankr. E.D. Tenn. 2003) ("By the plain language of Rule 4004(c)(2), this 30-day deferral may not be requested by a creditor, but instead may only be filed by the debtor.") (citing 801 Credit Union v. Heller (In re Heller), 123 B.R. 782, 783 (Bankr. S.D. Ohio 1991) ). Thus, BCPR could not seek to delay the entry of the Debtor's discharge under Bankruptcy Rule 4004(c)(2).
There is slim authority in Bankruptcy Rule 4004(c)(1) to support a request by a creditor to postpone the entry of a discharge. Two parts of Rule 4004(c)(1) suggest that, under certain circumstances not present in this case, a creditor's actions may result in a delay in the entry of a discharge in a chapter 7 case. See Fed. R. Bankr. P. 4004(c)(1)(L) (providing that the bankruptcy court will not enter a discharge after expiration of the objection deadline if "a motion is pending to delay discharge, because the debtor has not filed with the court all the tax documents required to be filed under § 521(f)"); Fed. R. Bankr. P. 4004(c)(1)(I) (providing that the bankruptcy court will not enter a discharge after expiration of the objection deadline if "a motion to delay or postpone discharge under § 727(a)(12) is pending"). But, again, nothing in Bankruptcy Rule 4004(c)(1) would have entitled BCPR to seek a delay in the entry of the Debtor's discharge and BCPR's complaint does not allege otherwise.
There is also a dearth of case law discussing a creditor's ability to postpone the entry of a debtor's discharge outside of a request to extend the deadline for objecting to discharge under Bankruptcy Rule 4004(b) or one of the enumerated subsections in Bankruptcy Rule 4004(c)(1). In fact, courts generally rule that the bankruptcy court has no authority to delay the entry of a discharge in the absence of one of the enumerated exceptions set forth in Bankruptcy Rule 4004(c). See, e.g., Fernández Rosado v. Corredera Pablos (In re Fernández Rosado), BAP No. PR 10-080, 2011 WL 4572021, at *3 (1st Cir. BAP Aug. 10, 2011) (ruling that the bankruptcy court abused its discretion in delaying the entry of a discharge where none of the exceptions listed in Bankruptcy Rule 4004(c) were present); In re Templin, No. 17-13196 t7, 2018 WL 1864928, at *4 (Bankr. D.N.M. Apr. 17, 2018) (concluding that, because a debtor's failure to comply with § 521(a)(2) is not an enumerated exception in Bankruptcy Rule 4004(c)(1), it does not constitute grounds to delay entry of a discharge) (citation omitted); In re McCray, 578 B.R. 403, 414 (Bankr. E.D. Mich. 2017) (denying creditor's request to delay entry of a discharge due to the debtor's failure to comply with § 521(a)(2) because such a remedy "is not authorized by the Bankruptcy Code and conflicts with [Bankruptcy Rule] 4004(c)"); see also Collier on Bankruptcy ¶ 4004.04 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("The language of [Bankruptcy] Rule 4004(c) does not permit the court to delay granting the discharge for any reason not set forth in the rule.").
*454 II. Analysis
As noted above, the Panel must determine whether the bankruptcy court erred in concluding that BCPR failed to state a "colorable claim" for relief-i.e. one that is "plausible on its face"-with respect to its request to postpone or qualify the Debtor's discharge. See Twombly, 550 U.S. at 570, 127 S.Ct. 1955.
A. Request to Postpone Entry of a Discharge
1. Whether BCPR Stated a Plausible Claim for Postponing Entry of a Discharge Based on Bankruptcy Rule 4004(c)
As an alternative request for relief, BCPR sought to postpone the entry of the Debtor's discharge while BCPR attempted to obtain a lien in the Local Court. The bankruptcy court, however, had no authority to delay the entry of a discharge in the absence of one of the enumerated exceptions set forth in Bankruptcy Rule 4004(c). See In re Fernández Rosado, 2011 WL 4572021, at *3 ; see also Collier on Bankruptcy, ¶ 4004.04[1]. As a creditor, BCPR could not seek to delay the entry of the Debtor's discharge under Bankruptcy Rule 4004(c)(2). Further, none of the grounds set forth in Bankruptcy Rule 4004(c)(1) for delaying the entry of a discharge were asserted or implicated here. Consequently, BCPR did not state a plausible claim for postponement of the Debtor's discharge.
2. Whether BCPR Stated a Plausible Claim for Postponing Entry of a Discharge Based on § 105(a) and § 362(c)(3)(A)
BCPR's reliance on §§ 105(a) and 362(c)(3)(A) is unavailing. Although § 105(a) authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," 11 U.S.C. § 105(a), its use has been carefully circumscribed. See Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 34 (1st Cir. 2016). The U.S. Court of Appeals for the First Circuit has warned that § 105"does not give bankruptcy courts 'a roving writ, much less a free hand' to provide equitable relief." Id. (quoting Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002) ). Section 105(a)"may not be invoked where the result of its application would be inconsistent with any other Code provision or it would alter other substantive rights set forth in the Code." Ameriquest Mortg. Co. v. Nosek (In re Nosek), 544 F.3d 34, 44 (1st Cir. 2008) (citations omitted).
BCPR argued that because the bankruptcy court entered the Comfort Orders confirming the automatic stay had terminated pursuant to § 362(c)(3)(A) with respect to the Property, the court should have exercised its equitable authority under § 105(a) to postpone the entry of the Debtor's discharge indefinitely while it enforced the "remedies" granted by § 362(c)(3)(A) and the Comfort Orders until BCPR obtained a lien in the Local Court. According to BCPR, such a remedy would preserve its rights under § 362(c)(3)(A) and, therefore, would be "within the confines of the Bankruptcy Code."
We are not persuaded by BCPR's arguments. Neither § 362(c)(3)(A) nor the Comfort Orders issued pursuant to § 362(j) afford BCPR any right to obtain a lien in the Local Court. Section 362(j) authorizes parties in interest to request an order from the bankruptcy court confirming that the automatic stay has terminated under § 362(c). See 11 U.S.C. § 362(j). An order issued under § 362(j) simply acknowledges that the automatic stay has *455 lapsed by operation of law. See In re Hill, 364 B.R. at 828. It does not alter, determine, or enhance the moving creditor's interests. See In re Murphy, 346 B.R. 79, 80 (Bankr. S.D.N.Y. 2006) (stating that an order issued pursuant to § 362(j)"does not provide for a declaration of any individual creditor's rights"); In re Waltower, No. 08-12867, 2012 WL 4758043, at *1 (Bankr. S.D. Ga. Sept. 7, 2012) (stating that comfort orders do not "provide any additional substantive rights") (citations omitted).
Therefore, neither § 362(c)(3)(A) nor the Comfort Orders conferred any substantive rights or remedies on BCPR. The bankruptcy court simply confirmed that the automatic stay had terminated under § 362(c)(3)(A), and, as a result, BCPR was free to pursue any available local law remedies. The bankruptcy court did not determine whether BCPR had any such local law remedies, or whether it could or should prevail in a local court proceeding relating to a claimed lien. Nor did the bankruptcy court grant BCPR unfettered leave to secure better rights than it had in the bankruptcy case.[7] As noted above, § 105(a) may only be invoked to preserve identifiable rights conferred elsewhere in the Bankruptcy Code. In re Oak Knoll Assocs., 835 F.3d at 34. Invoking § 105(a) to delay the entry of a discharge under these circumstances would not preserve any identifiable substantive rights and would be inconsistent with Bankruptcy Rule 4004(c). Therefore, BCPR did not state a plausible claim for delaying the entry of the Debtor's discharge under either §§ 105(a) or 362(c)(3)(A).
B. Request to Limit the Scope of the Discharge Injunction
As stated above, a discharge under § 727(a)"discharges the debtor from all debts that arose before the date of the order for relief," other than those excepted from discharge pursuant to § 523. See 11 U.S.C. § 727(b). Once the discharge is granted, the automatic stay that was originally triggered under § 362(a) upon the commencement of the bankruptcy case is dissolved to a significant extent. See 11 U.S.C. § 362(c)(2)(C). Ordinarily, the automatic stay is replaced by a permanent injunction under § 524(a). See 11 U.S.C. § 524. The Bankruptcy Code is very specific with respect to the effect of the discharge on discharged debts. See id. A bankruptcy discharge normally operates as an injunction against the enforcement of any discharged debt, including the continuation of legal proceedings. See 11 U.S.C. § 524(a)(2).
In its complaint, BCPR requested that the bankruptcy court use its equitable *456 powers under § 105(a) to "clarify the extent of the discharge injunction" in order to preserve BCPR's right to obtain a lien and seek reconsideration of its unsecured claim as a secured claim. As discussed above, § 105(a) may only be invoked to preserve identifiable rights conferred elsewhere in the Bankruptcy Code. However, BCPR has not asserted any cognizable legal theory to support its claim that it was unequivocally entitled to obtain a lien in the Local Court proceedings. Nor has it alleged (other than in the title of the complaint) that its claim should be excepted from discharge under § 523 such that the discharge injunction would not apply. BCPR was not entitled to an order that altered the scope or effect of the discharge injunction; on the contrary, the issuance of that type of order would have been reversible error. See Baby Supermall LLC v. Meier (In re Meier), A.P. No. 15-ap-00198, 2017 WL 2123863, at *1 (Bankr. N.D. Ill. May 12, 2017) (stating that creditor could not except debt from discharge by simply including qualifying language in the discharge order that it intended to pursue its claim in state court). BCPR did not state a plausible claim for limiting the scope of the Debtor's discharge.
CONCLUSION
We conclude that, to the extent BCPR sought the denial of the Debtor's discharge, it has waived its right to appeal the bankruptcy court's ruling, and we DISMISS the appeals as to that claim for lack of jurisdiction. To the extent BCPR sought to delay the entry of a discharge or to limit the scope of the discharge injunction, we conclude that BCPR failed to set forth plausible claims for relief, and we AFFIRM.

All references to "Bankruptcy Code," "Code," or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Rule" are to the Federal Rules of Civil Procedure; all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

According to BCPR, the prior owner of the Property executed a mortgage deed in favor of BCPR, and the Debtor assumed the mortgage when he purchased the Property. BCPR asserted that its claim was unsecured, however, because the mortgage deed had not been recorded. The parties and the bankruptcy court assumed that, under Puerto Rico law, BCPR did not have a lien on the Property and that entry of the discharge would preclude BCPR's efforts thereafter to obtain a lien. For purposes of this appeal, we assume, but do not decide, that BCPR was the holder of an unsecured claim (as opposed to the holder of a claim secured by a lien that might be avoidable under § 544). The outcome would be the same in either case.

There was no dispute regarding the stay termination, although there was some dispute about the scope of the termination. We need not decide that dispute here.

An order issued pursuant to § 362(j) is often called a "comfort order," as it is typically requested by a creditor seeking to satisfy a state court that it may proceed with a pending action, such as a foreclosure, despite the pendency of a bankruptcy case. Thomas v. Fed. Nat'l Mortg. Ass'n (In re Thomas), 469 B.R. 915, 921 (10th Cir. BAP 2012) ; In re Hill, 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007). Termination of the automatic stay under § 362(c)(3) does not require, or depend on, the entry of a comfort order under § 362(j). See In re Hill, 364 B.R. at 828 (stating that "comfort orders [under § 362(j) ] merely identify and reiterate what has already occurred by operation of law ") (emphasis added).

BCPR appears to have commenced an action (the "Local Court Case") against the Debtor in the Court of First Instance, Superior Court of San Juan, Puerto Rico (the "Local Court"). See Banco Cooperativo de Puerto Rico v. Ramos Herrera, Case No. K AC 2017-0253. On April 19, 2018, BCPR requested dismissal of the Local Court Case without prejudice. The Debtor requested dismissal with prejudice, alleging that BCPR had filed two previous actions against the Debtor, both of which had been dismissed. Thereafter, on June 8, 2018, the Local Court entered a judgment dismissing the Local Court Case with prejudice. In light of this development, the Debtor has moved to dismiss this appeal, arguing that "the remedy requested by [BCPR], that it be permitted to continue its State Court case to perfect its lien over the property, is forever banned in State Court by its own actions. [BCPR] has no feasible way to obtain a lien on Debtor's property, consequently, the present appeal is moot." The Debtor, however, has not provided the Panel with translated copies of the complaint or other pleadings in the Local Court Case, and, therefore, we are unable to discern whether dismissal of that complaint with prejudice renders this appeal moot.

At one point, there was a dispute between the parties as to the Debtor's claimed homestead exemption with respect to the Property. That dispute was resolved, however, when the Debtor amended the amount of his claimed homestead exemption. BCPR also objected to the Debtor's claimed exemptions in certain personal property, and that objection was the only one pending at the time BCPR filed its complaint. In all but the most unusual circumstances, an unresolved objection to a debtor's claimed exemptions would not affect a chapter 7 debtor's entitlement to a discharge. No unusual circumstances exist here.

BCPR makes much of the bankruptcy court's delay in entering the Comfort Orders, notwithstanding BCPR's repeated requests. According to BCPR, if the bankruptcy court had acted "promptly," BCPR would have had time to perfect its lien in the Local Court before the entry of the Debtor's discharge. While the bankruptcy court's delay was considerable and we do not condone it, § 362(j) does not contain an explicit "promptness" requirement. See 11 U.S.C. § 362(j) ("On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated."); compare 11 U.S.C. § 362(c)(4)(A)(ii) ("[O]n request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect ....") (emphasis added); see also In re Murray, 350 B.R. 408, 411 (Bankr. S.D. Ohio 2006) (noting this distinction between § 362(c)(4)(A)(ii) and § 362(j) ). In any event, BCPR's ability to proceed in the Local Court was not impeded by the absence of the Comfort Orders which would not have affected its substantive rights. See note 4, supra. Further, we take no position on the validity of BCPR's assumption that, given sufficient time prior to the entry of an order of discharge, it could have convinced a local court to impose a lien on the Debtor's property other than to observe that such an assumption is not self-evident.