

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LINDA MARIE RUTHERFORD,<br>　　　　　　Debtor. | BAP No.  NC-21-1074-GTB<br><br>Bk. No. 3:20-bk-31018 |
| JOANNIE TANG-FOK,<br>　　　　　　Appellant,<br>v.<br>E. LYNN SCHOENMANN, Chapter 7<br>Trustee; LINDA MARIE RUTHERFORD,<br>　　　　　　Appellees. | MEMORANDUM[1] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Before: GAN, TAYLOR, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Appellant and creditor Joannie Tang-Fok appeals the bankruptcy

court's order discharging chapter 7[2] debtor, Linda Marie Rutherford

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules

("Debtor"). Ms. Tang-Fok alleges that Debtor owes her $57,050 in back rent under a residential lease agreement which terminated prepetition. She contends that the debt should not be discharged because Debtor fraudulently failed to pay rent, issued bad checks, and falsely claimed she would repay the rents after receiving tax refunds and starting a new job.

However, Ms. Tang-Fok did not file an adversary complaint objecting to Debtor's discharge, as required by Rule 4004(d), and the deadline for filing an objection passed before entry of the discharge order. The court properly entered the discharge pursuant to Rule 4004(c)(1). Accordingly, we AFFIRM.

## FACTS[3]

Debtor filed her chapter 7 petition on December 22, 2020. She listed Ms. Tang-Fok in Schedule E/F as an unsecured creditor with a $57,050 claim for back rent. On December 23, 2020, the court issued Official Form 309A, Notice of Chapter 7 Bankruptcy Case (the "Bankruptcy Notice"). The Bankruptcy Notice provided that the deadline to object to discharge or to challenge whether a particular debt is dischargeable was March 22, 2021. The Bankruptcy Notice further directed that a creditor must file a complaint before the deadline if the creditor asserts that Debtor is not entitled to a discharge under § 727(a)(2)-(7), or the creditor wants to except

---

of Bankruptcy Procedure.

[3] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court's docket. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

the debt from discharge under § 523(a)(2), (4), or (6). Ms. Tang-Fok received the Bankruptcy Notice by mail.

Chapter 7 trustee E. Lynn Schoenmann ("Trustee") concluded the § 341 meeting of creditors on February 3, 2021 and, two days later, entered a report of no distribution. On March 18, 2021, Ms. Tang-Fok filed a proof of claim asserting an unsecured claim of $57,050. She attached to her proof of claim a letter asserting that the debt should not be discharged, but she did not file a complaint seeking to deny Debtor's discharge or to hold her claim nondischargeable, and she did not file a motion to extend the deadlines.

On March 23, 2021, the court entered an order granting Debtor's discharge, discharging Trustee, and closing the case. Ms. Tang-Fok timely filed a notice of appeal. Debtor filed a motion to dismiss the appeal, which Ms. Tang-Fok opposed, and we took the matter under advisement.[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b). We have jurisdiction under 28 U.S.C. § 158.

---

[4] In her motion to dismiss, Debtor argues that Ms. Tang-Fok did not timely object to discharge and has not asserted any basis to prevent entry of the discharge. These arguments go to the merits of the appeal and do not state a basis for dismissal. Thus, the motion to dismiss is DENIED.

**ISSUE**

Did the bankruptcy court err by entering Debtor's discharge under § 727(a) and Rule 4004(c)(1)?

**STANDARD OF REVIEW**

Whether the bankruptcy court properly entered a discharge pursuant to § 727(a) and Rule 4004(c)(1) is a question of law which we review de novo. *In re Petrone*, 498 B.R. 1, 3 (1st Cir. BAP 2013). Under de novo review, we look at the matter anew, giving no deference to the bankruptcy court's determinations. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

**DISCUSSION**

On appeal, Ms. Tang-Fok argues that she should not have been listed as a creditor because she made no loan to Debtor. She claims that Debtor made false promises that she would pay the back rents and therefore the debt should not have been discharged. Ms. Tang-Fok cites §§ 523(a)(6) and 727(a)(4) in support of her argument.

Entry of a chapter 7 discharge is a ministerial duty of the bankruptcy court. *Filice v. United States (In re Filice)*, 580 B.R. 259, 265 (Bankr. E.D. Cal. 2018). Section 727(a) provides that the "court shall grant the debtor a discharge" unless any of twelve conditions exist. Many of the conditions require a party in interest to object before the discharge is entered. *Id.*

Rule 4004(c)(1) provides that in a chapter 7 case, upon expiration of the deadline to object to discharge under § 727(a) or to file a motion to

dismiss pursuant to Rule 1017(e), the bankruptcy court "shall forthwith grant the discharge," unless one of twelve enumerated exceptions is applicable.[5] "If the statutory and procedural conditions are satisfied, then the court has no discretion to decline to enter discharge." *In re Filice*, 580 B.R. at 265.

Ms. Tang-Fok does not argue—and the record does not support—that any of the procedural exceptions in Rule 4004(c)(1) apply. She did not file a complaint objecting to Debtor's discharge within the deadline set by Rule

---

[5] Rule 4004(c)(1) requires prompt entry of discharge unless:

(A) the debtor is not an individual;

(B) a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided in the debtor's favor;

(C) the debtor has filed a waiver under § 727(a)(10);

(D) a motion to dismiss the case under § 707 is pending;

(E) a motion to extend the time for filing a complaint objecting to the discharge is pending;

(F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;

(G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);

(H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7);

(I) a motion to delay or postpone discharge under § 727(a)(12) is pending;

(J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;

(K) a presumption is in effect under § 524(m) that a reaffirmation agreement is an undue hardship and the court has not concluded a hearing on the presumption; or

(L) a motion is pending to delay discharge because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

4004(a), and she did not seek an extension of the deadline prior to its expiration. We perceive no error in the court's entry of discharge.

The thrust of Ms. Tang-Fok's argument is that her claim should not have been discharged because Debtor made false promises or otherwise defrauded her. But even if Ms. Tang-Fok had timely filed a complaint for nondischargeability under § 523(a)(2), (4), or (6), such a complaint would not have precluded entry of the discharge. *See Smith v. Bandy (In re Bandy)*, 237 B.R. 661, 663 (Bankr. E.D. Tenn. 1999).

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order granting Debtor's discharge under § 727(a).