Cary, U.S. Bankruptcy Appellate Panel Judge.
This appeal concerns the effect of an unrecorded mortgage under Puerto Rico law and, more particularly, whether the bankruptcy court properly denied the chapter 7 trustee's request to avoid an unrecorded mortgage and to preserve the avoided lien for the benefit of the bankruptcy estate (the "Order"). In addition, the bankruptcy court, sua sponte, dismissed the chapter 7 trustee's complaint pursuant to Rule 12(b)(6) "for failure to state plausible claims" under §§ 544 and *411 551.[1] We conclude that the bankruptcy court did not commit error either by denying the relief sought by the chapter 7 trustee or by dismissing the complaint. For the reasons set forth below, we AFFIRM .
BACKGROUND
The facts relied upon by the bankruptcy court are undisputed.
I. Pre-Petition Events
Eduardo Rivera Mercado (the "Debtor") acquired real property in Orocovis, Puerto Rico (the "Property") in 2002. In 2014, he executed a note in the amount of $ 104,923, and granted a mortgage (the "Mortgage") on the Property in favor of Metro Island Mortgage Inc. ("Metro Island"). Banco Popular de Puerto Rico ("BPPR") is the current holder of the note and Mortgage. Neither Metro Island nor BPPR ever presented the Mortgage to the Puerto Rico Property Registry (the "Property Registry") for recording.
II. The Bankruptcy Filing
The Debtor filed a chapter 7 bankruptcy petition in December 2015. On his schedules, he listed a "50% interest" in the Property (which he valued at $ 136,000) and claimed a homestead exemption under Puerto Rico law of "100% of [the] fair market value" of the Property. He also listed BPPR as holding a claim in the amount of $ 99,926 secured by the Property, and he indicated his intention to retain the Property and "pay pursuant to contract." BPPR filed a proof of claim asserting a secured claim in the amount of $ 99,373.86 based on a "mortgage loan."
The Debtor received a chapter 7 discharge in March 2016. In December 2017 (one month after the Trustee filed the complaint commencing the subject adversary proceeding), the Debtor filed a motion seeking an order compelling the Trustee to abandon the Property, indicating that the Property "serves as collateral over a mortgage loan duly registered in the Property Registry of Puerto Rico," and that there was "no liquidation value" to benefit the estate. No objections were filed, and the bankruptcy court granted the motion on January 4, 2018.[2]
III. The Adversary Proceeding
A. The Complaint
In November 2017, the Trustee filed a two-count complaint against BPPR. In Count I, the Trustee raised two grounds for avoiding the Mortgage. First, he asserted that the Mortgage, which was not presented to the Property Registry for recording before the bankruptcy filing, was a post-petition transfer of an interest in real property which he could avoid under § 549(a). Alternatively, the Trustee argued that, as the mortgage lien was not properly perfected against the Property as of the date of the Debtor's bankruptcy filing, he was entitled under § 544(a) to avoid the lien "as a hypothetical lien creditor and a bona fide purchaser who perfected his right as of the date of the filing[.]" In Count II, the Trustee asserted that, as the Mortgage was voidable under either *412 § 544 or § 549, the lien was "preserved in favor of the [e]state" under § 551.
B. BPPR's Answer
In its answer, BPPR admitted most of the factual allegations (including that the Mortgage "was never filed before the Property Registry before the filing of the petition"), but denied any allegation that there was a "post-petition transfer," a "lien to be avoided," or an "enforceable mortgage." BPPR also raised numerous affirmative defenses, including that the Debtor's execution of the Mortgage in May 2014 "was not a post-petition transfer" and "did not create a lien that may be avoided." It also asserted as an affirmative defense that the complaint failed to include the Debtor, who had claimed a homestead exemption with respect to the Property, as "an indispensable party." BPPR did not pose an affirmative defense under Rule 12(b)(6) that the complaint failed to state a claim upon which relief can be granted.
C. Motion for Judgment on the Pleadings
In February 2018, the Trustee moved for judgment on the pleadings under Rule 12(c), contending that the relevant facts were uncontested and he was entitled as a matter of law to avoid the unrecorded Mortgage under either § 549 or § 544, and preserve it for the benefit of the estate under § 551. Again, the Trustee asserted two alternative grounds for avoiding the Mortgage. He first argued that, although the Mortgage was never presented to the Property Registry prior to the filing of the petition, it could be presented to the Property Registry "at any time." Therefore, he contended, the Mortgage "represent[ed] a post-petition transfer of property without authorization of the [c]ourt" which he could avoid under § 549. Beyond quoting § 549, the Trustee did not provide any legal support for his argument that the unrecorded Mortgage constituted a post-petition transfer of property of the estate.
In the alternative, the Trustee argued that the unrecorded Mortgage was "unperfected" under Puerto Rico law as of the petition date and, therefore, it was voidable under § 544. In support of this argument, he cited two cases he claimed were "identical" to the present one. First, he cited Segarra v. Banco Popular de P.R. (In re Matienzo Lopez), Adv. Pro. No. 16-00123, Docket No. 42 (Bankr. D.P.R. Aug. 23, 2017) (hereinafter, "Matienzo Lopez"), where the court ruled, without discussion, that the bank's unrecorded mortgage was avoidable under § 544 and preserved in favor of the estate pursuant to § 551. Second, he relied on DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19, 26 (1st Cir. 2014) (hereinafter, " Traverse"), in which the United States Court of Appeals for the First Circuit ruled, in a case that originated in Massachusetts, that a trustee could avoid and preserve a creditor's "unperfected lien" on the debtor's property for the benefit of the estate. As to his cause of action under § 551, the Trustee, again citing Traverse, asserted that he was entitled to preserve the "unrecorded lien" for the benefit of the estate.
Based on the foregoing, the Trustee requested that the bankruptcy court enter a judgment: (1) determining that the Mortgage was an "avoidable transfer" pursuant to §§ 544 and 549; (2) preserving the "mortgage lien" in favor of the estate pursuant to § 551; and (3) granting "any other remedy" the bankruptcy court deemed appropriate.
D. BPPR's Opposition to Motion for Judgment on the Pleadings
BPPR opposed the motion for judgment on the pleadings, arguing that the Trustee's reliance on Traverse was misplaced *413 in light of contrary legal authority. Specifically, BPPR cited Segarra v. Schwarz Reitman (In re Schwarz Reitman), Adv. Pro. No. 15-00020 (MCF), Docket No. 56 (Bankr. D.P.R. Nov. 29, 2016) (hereinafter "Schwarz Reitman"), in which the bankruptcy court ruled that the trustee was "unable to utilize [§§] 544 and 551 [to avoid an unrecorded mortgage in Puerto Rico] because those sections [only] apply when there is [an] unperfected security interest in property," and, under Puerto Rico law, an unrecorded mortgage is a nullity. The Schwarz Reitman court also determined that Traverse was inapplicable because it was based on the effect of an unrecorded mortgage under Massachusetts law. BPPR pointed out that the Trustee "did not acknowledge or distinguish" the court's ruling in Schwarz Reitman.
E. The Order
On June 15, 2018, the bankruptcy court, without a hearing, entered the Order denying the Trustee's request for judgment on the pleadings and sua sponte dismissing the complaint. See Segarra Miranda v. Banco Popular de P.R. (In re Rivera Mercado), 587 B.R. 224, 229 (Bankr. D.P.R. 2018). The bankruptcy court concluded that the unrecorded Mortgage did not constitute a "transfer" which could be avoided and preserved under §§ 544 and 551. The court observed that, under Puerto Rico law, "the recording of a mortgage is a necessary prerequisite to the creation of a valid lien," id. at 227, and "a mortgage is [non]existent unless it is registered." Id. at 225. Therefore, "[a] lender does not have a lien or a security interest over real property unless the mortgage deed is recorded in the Property Registry." Id. at 227. As BPPR did not record the Mortgage in the Property Registry, the court determined, "a pre[-]petition transfer never occurred in its favor." Id. And because the unrecorded Mortgage was not a "transfer" of property under § 101(54),[3] the court ruled, the Trustee could not avoid it under § 544 or preserve it for the benefit of the estate under § 551. Id. Thus, not only did the court deny the Trustee's request for judgment on the pleadings under Rule 12(c), it dismissed the complaint "for failure to state plausible claims for relief regarding the avoidance and preservation actions under ... §§ 544 and 551, pursuant to [Rule] 12(b)(6)." Id. at 229.[4]
1. Distinguishing Traverse
In rendering its decision, the bankruptcy court distinguished Traverse from the case before it based on the differences between mortgage law in Puerto Rico and Massachusetts,[5] stating:
The trustee in Traverse was able to avoid the unrecorded mortgage as a transfer of an interest in real property because under Massachusetts law a *414 mortgage is enforceable between the mortgagee and mortgagor, which is not the case in Puerto Rico. In re Harbour House Operating Corp., 26 B.R. 324, 331 (Bankr. D. Mass. 1982) ("[I]n Massachusetts, an unrecorded mortgage, which as between the parties would be a valid equitable interest, is invalid against third parties who do not have actual notice."). Although an unrecorded mortgage is valid between the mortgagor and mortgagee, it is not enforceable against third parties. In re Bower, 2010 WL 4023396 at 4, 2010 Bankr. LEXIS 3641 at 12 [ ] ("Unrecorded mortgages are only enforceable against the granter, his or her heirs, devisees, and persons with actual knowledge of the mortgage."). Generally, a mortgage gives a mortgagee title to the real property and the mortgagor retains possessory rights, causing a transfer of interest in property. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118, 1124 (2012). The trustee in Traverse was able to avoid the unrecorded mortgage as a transfer because under Massachusetts law an unrecorded mortgage is enforceable between the debtor and the mortgagee.
In contrast, under Puerto Rico law, an unrecorded mortgage is unenforceable among the debtor, the mortgagee and third parties. In a lien theory jurisdiction, such as Puerto Rico, the mortgagee does not obtain title transfer of the real property. In fact, the lender must record the mortgage deed in the Property Registry to acquire a security interest over the real property. P.R. Laws Ann. tit. 30 § 2607, as superseded by Act No. 210 of December 8, 2015, Article 57. If there is a default by the mortgagor, then the mortgagee may foreclose on the real property in a judicial forum as a result of its recorded lien. P.R. Laws Ann. tit. 30 § 2701, as superseded by Act No. 210 of December 8, 2015, Article 94. However, an unperfected mortgage deed does not entitle the mortgagee the right to foreclose on the property in Puerto Rico. An unrecorded mortgage deed is not considered a lien or an unperfected security interest in real property in Puerto Rico-unlike Massachusetts law, which grounds the ruling in Traverse.
In re Rivera Mercado, 587 B.R. at 228 (footnote omitted).
Having made this distinction, the bankruptcy court concluded:
The Trustee in the instant case cannot gain superior rights than [BPPR] who failed to record its mortgage deed in the Puerto Rico Property Registry. The mortgage lien is nonexistent under local law and consequently cannot be avoided, pursuant to 11 U.S.C. § 544. Likewise, the Trustee is unable to preserve the unrecorded mortgage for the benefit of the estate under 11 U.S.C. § 551 because a transfer of property did not occur.
Id. at 229 (emphasis added) (footnote omitted).
The bankruptcy court also quickly disposed of the Trustee's alternative argument that he could avoid the Mortgage as a post-petition transfer under § 549, ruling that "[t]his section has no bearing on the Trustee's argument because the mortgage deed in this case was executed prepetition." Id. at 229 n.5.
2. The Court's Ruling
The court then ruled:
The Court denies the Trustee's request for judgment on the pleadings (Docket No. 10), under Fed. R. Civ. P. 12(c) because in Puerto Rico an unrecorded mortgage does not cause transfer of [an] interest in real property. Accordingly, the action is dismissed for failure to state plausible claims for relief regarding *415 the avoidance and preservation actions under ... §§ 544 and 551, pursuant to Fed. R. Civ. P. 12(b)(6).
Id. at 229.
F. Judgment
Thereafter, on June 26, 2018, the bankruptcy court entered a separate judgment "dismissing the adversary proceeding." The Trustee did not seek to vacate, or request reconsideration of, the bankruptcy court's sua sponte dismissal of the complaint.
IV. The Appeal
On June 28, 2018, the Trustee filed a notice of appeal with respect to "the Opinion and Order entered by the Honorable Judge Mildred Cab[á]n Flores in the above captioned [b]ankruptcy case on the hearing held on the 15th day of June of 2018, dismissing the instant Adversary Proceeding." In his Statement of the Issues to be Presented, the Trustee identified only one issue: "Whether the Bankruptcy Court erred in dismissing the adversary proceeding ruling that the Trustee could not avoid and preserve an unrecorded mortgage pursuant to § 551 of the Bankruptcy Code in the Puerto Rico jurisdiction."
POSITIONS OF THE PARTIES
The Trustee argues that the bankruptcy court erred in concluding that Traverse does not apply to the Puerto Rico Mortgage at issue here, and in holding that he could not avoid and preserve the unrecorded Mortgage under §§ 549, 544, and 551. Thus, he asks this court to reverse the Order dismissing the complaint and denying the motion for judgment on the pleadings. Although the Trustee contends that the bankruptcy court erred in dismissing his complaint, he does not challenge the bankruptcy court's authority to dismiss the complaint sua sponte or assert that his due process rights were violated.
BPPR counters that the bankruptcy court correctly ruled that an unrecorded mortgage is "nonexistent" under Puerto Rico law and, therefore, cannot constitute an avoidable transfer under either § 544 or § 549 which should be preserved for the benefit of the estate under § 551.
APPELLATE JURISDICTION
We are "duty-bound" to determine our jurisdiction before proceeding to the merits, even if not raised by the litigants. Rivera Siaca v. DCC Operating, Inc. (In re Olympic Mills Corp.), 333 B.R. 540, 546-47 (1st Cir. BAP 2005) (citation omitted). In order to properly assess our jurisdiction, we must first identify the scope of the appeal.
I. Scope of the Appeal
The challenged Order encompassed two rulings- the denial of the motion for judgment on the pleadings and the sua sponte dismissal of the complaint. We must consider whether both rulings are part of this appeal. Although the Trustee's notice of appeal and statement of the issues focused on the dismissal of the complaint without mentioning the denial of the motion for judgment on the pleadings, his subsequent filings in the appeal make it clear that he intended to appeal both rulings. Moreover, BPPR acknowledged both rulings in its brief and, therefore, it has not been misled by the notice of appeal. Consequently, this appeal encompasses both the denial of the motion for judgment on the pleadings under Rule 12(c) and the dismissal of the complaint under Rule 12(b)(6). See Bellas Pavers, LLC v. Stewart (In re Stewart), BAP No. MB 12-017, 2012 WL 5189048, at *4-5 (1st Cir. BAP Oct. 18, 2012) (expanding scope of appeal to encompass a related but unlisted order *416 where: (1) the record was clear that the appellant intended to appeal both orders, and (2) the parties treated the appeal as encompassing both orders); Wilson v. Wells Fargo Bank, N.A. (In re Wilson), 402 B.R. 66, 69 (1st Cir. BAP 2009) (same); Devila Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval), 327 B.R. 493, 504 (1st Cir. BAP 2005) (same).
II. Finality
Having determined that the appeal encompasses both the bankruptcy court's denial of the motion for judgment on the pleadings and its dismissal of the complaint, we must assess the finality of these rulings. "Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals from 'final judgments, orders, and decrees[.]' " Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (1st Cir. BAP 1998) ; see also Bullard v. Blue Hills Bank, --- U.S. ----, 135 S.Ct. 1686, 1692, 1695, 191 L.Ed.2d 621 (2015) (discussing the Panel's jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a) ). Generally, an order denying a motion for judgment on the pleadings is interlocutory and not immediately appealable. See Tisdale v. South Carolina, 157 F. App'x 593, 593 (4th Cir. 2005) ; see also JBI v. Dirs. & Officers of JBI (In re Jackson Brook Inst., Inc.), 280 B.R. 1, 12 (D. Me. 2002) (denying leave to appeal interlocutory order denying motion for judgment on the pleadings). Here, however, the bankruptcy court also dismissed the complaint, thereby concluding the dispute between the parties. Moreover, under the "merger rule," prior interlocutory orders merge with the final judgment in a case and may be reviewed on appeal from the final order. PRLP 2011 Holdings, LLC v. Manuel Mediavilla, Inc. (In re Manuel Mediavilla, Inc.), 568 B.R. 551, 566 (1st Cir. BAP 2017) (citations omitted). An order dismissing a complaint is a final, appealable order. Gonsalves v. Belice (In re Belice), 480 B.R. 199, 203 (1st Cir. BAP 2012) (citation omitted); Kasparian v. Conley (In re Conley), 369 B.R. 67, 70 (1st Cir. BAP 2007) (citation omitted). As a result, we have jurisdiction to consider both aspects of the Order-the dismissal of the complaint and the denial of the motion for judgment on the pleadings.
STANDARD OF REVIEW
We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (1st Cir. BAP 2016) (citation omitted). Appellate courts review an order on a motion for judgment on the pleadings de novo. AIG Prop. Cas. Co. v. Cosby, 892 F.3d 25, 27 (1st Cir. 2018) (citation omitted). An order dismissing a complaint under Rule 12(b)(6) for failure to state a claim is also reviewed de novo. Rederford v. U.S. Airways, Inc., 589 F.3d 30, 34 (1st Cir. 2009) (citation omitted).
DISCUSSION
I. Whether the Bankruptcy Court Erred in Denying the Motion for Judgment On the Pleadings
A. The Standard for Judgment on the Pleadings
A motion for judgment on the pleadings is governed by Rule 12(c), which is made applicable in bankruptcy proceedings by Bankruptcy Rule 7012. Rule 12(c) provides: "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a *417 Rule 12(b)(6) motion to dismiss for failure to state a cause of action. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citation omitted); Best v. Nationstar Mortg. LLC (In re Best), 540 B.R. 1, 7 (1st Cir. BAP 2015) (citation omitted). Under both Rule 12(b)(6) and Rule 12(c), "the pleadings taken in the light most favorable to the non-movant must establish a plausible claim." In re Blackstone Fin. Holdings, LLC, 573 B.R. 1, 8 (Bankr. D. Mass. 2017) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ); see also Ibanez v. U.S. Bank Nat'l Ass'n, 856 F.Supp.2d 273, 275 (D. Mass. 2012) ("As with a motion to dismiss pursuant to Rule 12(b)(6), to survive a Rule 12(c) motion, the underlying complaint must allege a plausible entitlement to relief.") (citing Twombly, 550 U.S. at 559, 127 S.Ct. 1955 ) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955 ).
B. The Standards Governing Avoidance and Preservation under §§ 544, 549, and 551
The Bankruptcy Code provides the trustee with certain "avoidance powers" which enable the trustee "to recover property for the estate, set aside certain liens, avoid certain transfers, and reject or assume executory contracts and unexpired leases." Colón Vidal v. Scotiabank de P.R. (In re Colón Vidal), 578 B.R. 481, 489 (Bankr. D.P.R. 2017) (citation omitted). Here, the Trustee sought to exercise these powers under either § 549 or § 544 to avoid the Mortgage.
Section 549(a) generally provides that a trustee may avoid a transfer of property when: (1) there was a transfer; (2) of property of the bankruptcy estate; (3) made after the commencement of the case; and (4) which was not authorized by the Bankruptcy Code or by the bankruptcy court. Torres Correa v. P.R. Treasury Dep't (In re Torres Correa), No. 13-02615 (EAG), 2016 WL 3582292, at *4 (Bankr. D.P.R. June 24, 2016) (citation omitted). "Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof." Fed. R. Bankr. P. 6001.
Section 544(a), commonly referred to as the "strong arm" clause, empowers a trustee to avoid a transfer of property by the debtor where such a transfer is voidable by a hypothetical lien creditor or by a hypothetical bona fide purchaser of the property. See 11 U.S.C. § 544(a) ; see also Weiss v. Wells Fargo Bank, N.A. (In re Kelley), 498 B.R. 392, 397 (1st Cir. BAP 2013). Therefore, under § 544(a), "a bankruptcy trustee can avoid a mortgage if it could be avoided by a hypothetical lien creditor or by a hypothetical BFP [ (bona fide purchaser) ] of the property." Hamilton v. Wash. Mut. Bank FA (In re Colon), 563 F.3d 1171, 1173-74 (10th Cir. 2009) (footnote omitted). "The status and rights of the hypothetical lien creditor and BFP are determined by state law." Id. at 1174 (citations omitted).
Once a trustee successfully avoids a transfer under § 549 or § 544, it is automatically "preserved for the benefit of the estate" by § 551. However, if a transfer is not subject to avoidance, the trustee cannot preserve the property for the benefit of the bankruptcy estate under § 551. See Hutchinson v. United States (In re Hutchinson), 579 B.R. 860, 865 (Bankr. E.D. Cal. 2018) (stating that if debtors cannot avoid a lien, they cannot preserve it *418 under § 551 ); Hardesty v. Citifinancial, Inc. (In re Roberts), 402 B.R. 808, 816 (Bankr. S.D. Ohio 2009) (determining that, because the mortgage was not avoidable under § 544(a)(3), the trustee was unable to preserve the mortgage under § 551 ).
1. What Constitutes a "Transfer" of Property
To successfully avoid the unrecorded Mortgage under either § 549 or § 544, the Trustee's first hurdle was to establish that a "transfer" occurred. See Oliveras v. Banco Popular de P.R. (In re Alicea Casanova), 595 B.R. 616, 618 (Bankr. D.P.R. 2018) (recognizing, when considering an avoidance action under § 544, that the court must first determine whether there was a "transfer" under § 101(54) ); Schechter v. Weiler (In re Blair), 330 B.R. 206, 213 (Bankr. N.D. Ill. 2005) (indicating that the first factor to consider in an avoidance action under § 549 is whether there was a "transfer" of property). Therefore, the threshold question in this case is whether BPPR's unrecorded Mortgage constituted a "transfer" of the Debtor's interest in the Property.
The Bankruptcy Code defines the term "transfer" as follows:
(A) the creation of a lien;
(B) the retention of title as a security interest;
(C) the foreclosure of a debtor's equity of redemption; or
(D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with-
(i) property; or
(ii) an interest in property.
11 U.S.C. § 101(54). Section 101(37) defines the term "lien" to mean a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(54).
When determining whether a lien was created for purposes of § 101(54)(A), the court must consider the applicable state law as property interests, such as mortgages, are created and defined by state law. See Stern v. Marshall, 564 U.S. 462, 495, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) ("[P]roperty interests are created and defined by state law, and unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.") (internal quotations omitted) (citations omitted); Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."). Therefore, to determine whether the Debtor transferred a property interest to BPPR, we must turn to applicable state law. See Oliveras v. Banco Popular de P.R. (In re Aliceas Casaniva), 595 B.R. 616, 618-19 (Bankr. D.P.R. 2018) (citing 2 Collier on Bankruptcy ¶ 101.54[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017) ). In this case, the applicable laws are those of Puerto Rico, which "are the functional equivalent of state laws." Antilles Cement Corp. v. Fortuño, 670 F.3d 310, 323 (1st Cir. 2012).
(a) Puerto Rico Mortgage Law
Until December 8, 2015, the Commonwealth's Mortgage and Property Registry Act of 1979 and portions of the Commonwealth's Civil Code governed the "nature and effect of mortgages" in Puerto Rico. Soto-Rios v. Banco Popular de P.R., 662 F.3d 112, 118 (1st Cir. 2011) (citing P.R. Laws Ann. tit. 30, § 2001, et seq. ; P.R. Laws Ann. tit. 31, § 5001 et seq. ).[6]
*419 The Civil Code sets forth the "essential requisites" of a mortgage, including that a mortgage "be constituted to secure the fulfillment of a principal obligation." P.R. Laws Ann. tit. 31, § 5001. Under Puerto Rico law, a mortgage is "validly constituted" only if it is "stipulated in a deed" that is "recorded in the Property Registry." P.R. Laws Ann. tit. 30, § 2607 ; see also P.R. Laws Ann. tit. 31, § 5042 ("[I]t is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property."). "It is well established that under Puerto Rico law, recording is essential to the validity of a mortgage and that one that is not recorded is a nullity." Carrion v. USDA Rural Hous. Serv. (In re Roldan), Adv. Pro. No. 11-00094, 2012 WL 2221410, at *8 (Bankr. D.P.R. June 13, 2012) (quoting In re Las Colinas, Inc., 426 F.2d 1005, 1016 (1st Cir. 1970) ) (internal quotations omitted). As the First Circuit has stated: "[U]nder Puerto Rico law recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." Soto-Rios, 662 F.3d at 121 ; see also Roig Commercial Bank v. Dueño, 617 F.Supp. 913, 915 (D.P.R. 1985) ("Failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker."). Therefore, in Puerto Rico, a mortgage deed does not provide the lender with a lien or a security interest in real property until it is presented to the proper registry of property for recording.[7] See Soto-Rios, 662 F.3d at 119 (recognizing that "recording is a necessary prerequisite to 'valid constitution' " of a mortgage under Puerto Rico law).
(b) Title Theory versus Lien Theory of Mortgages
Generally, "a mortgage comprises a conveyance or retention of an interest in real property executed for the benefit of the mortgagee to secure payment of a debt." Soto-Rios, 662 F.3d at 117 (citations omitted). The nature of a mortgage depends upon where it arises. Some jurisdictions, such as Massachusetts, follow the so-called "title theory" of mortgages, under which legal title to the mortgaged property is held by the mortgagee until the mortgage is satisfied or foreclosed. Id.; see also Mills v. U.S. Bank, N.A., 753 F.3d 47, 50 (1st Cir. 2014) ("[T]he mortgage, in a title theory state like Massachusetts, transfers legal title to the mortgaged premises from the mortgagor to the mortgagee for the sole purpose of securing the loan," leaving the mortgagee with "bare legal title to the mortgaged premises, defeasible upon repayment of the loan (because the mortgagor owns the equity of *420 redemption.") (citation omitted); Bank of Am., N.A. v. Casey, 474 Mass. 556, 52 N.E.3d 1030, 1035 n.10 (2016) ("[U]nder Massachusetts law the effect of a mortgage is to transfer legal title of the mortgage property from the mortgagor to the mortgage holder, and in that sense a mortgage is a document of title transfer that operates as a deed."). In contrast, other jurisdictions, such as Puerto Rico, follow the "lien theory," in which the granting of a mortgage on real property "creat[es] a lien interest without divesting the mortgagor of legal title during the period of debt repayment"-the mortgagor retains both legal and equitable title. Soto-Rios, 662 F.3d at 118 (citations omitted).
The distinction between the title theory and lien theory of mortgages can be significant when a mortgage is unrecorded, as in this case. As stated above, in jurisdictions following the former, the granting of a mortgage constitutes a transfer of an interest in property. Therefore, in a jurisdiction such as Massachusetts, an unrecorded mortgage provides the lender with an interest in real property, albeit one that is "unperfected." In contrast, in jurisdictions following the latter, a mortgage does not convey a property interest but "merely represents a security interest" in the property. Montgomery Cnty. v. Merscorp, Inc., 16 F.Supp.3d 542, 553 (E.D. Pa. 2014). Consequently, in a jurisdiction such as Puerto Rico, where an unrecorded mortgage deed has no legal effect, an unrecorded mortgage does not provide lender with title, a lien, or an unperfected security interest in real property.
2. Case Law within the First Circuit
The First Circuit and several bankruptcy courts within the circuit have recently addressed the issue of whether a chapter 7 trustee could avoid an unrecorded mortgage and preserve the mortgage for the benefit of the estate under §§ 544 and 551. Not surprisingly, the outcomes of these cases vary depending on the applicable state law, as discussed below.
(a) The First Circuit's Ruling in Traverse
In Traverse, the First Circuit, applying Massachusetts law, upheld the bankruptcy court's ruling that the chapter 7 trustee could avoid a lender's unrecorded Massachusetts mortgage and preserve it for the benefit of the estate under §§ 544 and 551, ruling as follows:
Where a creditor has an unperfected lien on a debtor's property , the Bankruptcy Code empowers a trustee to avoid and preserve the lien for the benefit of the estate. The trustee exercises this power through two strong-arm provisions. First, the trustee's right of avoidance under 11 U.S.C. § 544"vests the trustee with the powers of a bona fide purchaser of real property for value, and allows the trustee to invalidate unperfected security interests." In re Sullivan, 387 B.R. 353, 357 (1st Cir. BAP 2008). Second, his right of preservation under 11 U.S.C. § 551 automatically preserves the benefit of the avoided interest for the estate by "put[ting] the estate in the shoes of the creditor whose lien is avoided." In re Carvell, 222 B.R. 178, 180 (1st Cir. BAP 1998).
Id. at 26 (emphasis added).[8]
(b) Cases from the Puerto Rico Bankruptcy Courts
Several recent cases from the U.S. Bankruptcy Court for the District of Puerto Rico have considered the precise issue before us: whether a chapter 7 trustee *421 could avoid a mortgage that had not been recorded in the Puerto Rico Property Registry and preserve the mortgage for the benefit of the estate. As discussed below, the court in Schwarz Reitman held that the trustee cannot avoid and preserve an unrecorded Puerto Rico mortgage. Moreover, although another bankruptcy judge in the District of Puerto Rico initially held that a chapter 7 trustee could avoid and preserve an unrecorded Puerto Rico mortgage, he subsequently reversed his position and, thereafter, has consistently held that the trustee could not avoid and preserve an unrecorded Puerto Rico mortgage under §§ 544 and 551. See infra at 21.
(i) Schwarz Reitman
In Schwarz Reitman, supra, the judge ruled that a chapter 7 trustee could not avoid and preserve an unrecorded Puerto Rico mortgage under §§ 544 and 551. She determined that Traverse was not controlling because its ruling was based on Massachusetts mortgage law (where an unrecorded mortgage constitutes an unperfected interest in real property, avoidable under § 544 ), which differs significantly from mortgage law in Puerto Rico (where an unrecorded mortgage is a "nullity"). The court reasoned:
Under [ ] Massachusetts law, an unrecorded mortgage provides a lender with an interest in the real property. However, under Puerto Rico law, an unrecorded mortgage does not provide the lender with title, lien or security interest in real property. Puerto Rico is a lien[ ]theory and a judicial-foreclosure jurisdiction. P.R. Laws Ann. tit. 30, § 2001 et seq. as superseded by Act No. 210 of December 8, 2015; P.R. Laws Ann. tit. 31, § 5001 et seq. A lender does not have a lien or a security interest over real property in Puerto Rico unless it is recorded in the Registry of Property. P.R. Laws Ann. tit. 30 § 2607, as superseded by Act No. 210 of December 8, 2015, Article 57; P.R. Laws Ann. tit. 31 § 5042.
[I]t is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property. P.R. Laws Ann. tit. 31, § 5042. A companion statute under the mortgage law also provides that in order for voluntary mortgages to be validly constituted the mortgage must be stipulated in a deed and must be recorded in the Property Registry. P.R. Laws Ann. tit. 30, § 2607.
Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118-19 (1st Cir. 2011) (internal quotations omitted).
Massachusetts, as admitted by the Trustee, is a title-theory state. Under Massachusetts law, a mortgage gives a mortgagee title to the real property and the mortgagor retains possessory rights. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118, 1124 (2012) (It is beyond dispute that Massachusetts subscribes to the "title theory" of mortgage law.). Massachusetts is also a nonjudicial-foreclosure state. Mills v. U.S. Bank, NA, 753 F.3d 47, 50 (1st Cir. 2014) ; Mass. Gen. Laws ch. 183, § 21. In a lien theory jurisdiction, such as Puerto Rico, the mortgagee does not obtain title of the real property. Under local law, an unperfected mortgage deed does not grant the mortgagee the right to foreclose on the property. To perfect an interest in real property, other than recording the mortgage, the lender would have to file a collection of money action and pursue a prejudgment attachment. 32 Laws of P.R. Ann. App. III R. 56. It could also record in the Registry any favorable judgment or obtain an order and writ of execution if it wishes to improve its unsecured position. 30 Laws of P.R. Ann., § 2154, as superseded by *422 Act No. 210 of December 8, 2015, Article 44. Under Puerto Rico law an unrecorded mortgage deed is not considered a lien or an unperfected interest in real property-unlike Massachusetts law, which underpins the ruling in Traverse.
A lender with an unperfected mortgage deed cannot acquire an interest in a property owner's home because, under local law, it has no title or interest to enforce on the residence. Hence, the Trustee may assert neither an avoidance nor preservation action pursuant to sections 544 and 551, because under local law, no interest-other than Debtor's-exists in property to avoid. The Trustee cannot gain superior rights to the lender who did not record its mortgage deed in the Property Registry because no lien exists under local law. Soto-Rios, 662 F.3d at 118-19. In Massachusetts, a mortgagor obtains equitable title, or possession, but the mortgagee obtains legal title when a mortgage is executed. Not so in Puerto Rico. P.R. Laws Ann. tit. 30 § 2607, as superseded by Act No. 210 of December 8, 2015, Article 57; P.R. Laws Ann. tit. 31 § 5042.
Schwarz Reitman, Adv. Pro. No. 15-00020 (MCF), Docket No. 56, at 3-4.
(ii) Rosas Garcia and Lopez Cancel
Another bankruptcy judge in the District of Puerto Rico, adopting the reasoning articulated by the court in Schwarz Reitman, also ruled that a chapter 7 trustee could not avoid and preserve an unrecorded Puerto Rico mortgage under §§ 544 and 551. See Segarra v. Banco Popular de P.R. (In re Lopez Cancel), Adv. Pro. No. 16-00001, 2018 WL 6422651, at *2 (Bankr. D.P.R. Dec. 4, 2018) (hereinafter "Lopez Cancel") ("The court is persuaded by the legal reasoning and conclusions arrived at in the case of ... Schwarz Reitman."); Segarra Miranda v. Banco Popular de P.R. (In re Rosas Garcia), Adv. Pro. No. 17-00076, 2018 WL 1956177, at *2-3 (Bankr. D.P.R. Apr. 24, 2018) (hereinafter "Rosas Garcia" ), recons. denied by 2018 WL 4354364 (Bankr. D.P.R. Sept. 11, 2018). In Rosas Garcia and Lopez Cancel, the bankruptcy judge explicitly reversed the approach he previously took in Matienzo Lopez, the sole case from the District of Puerto Rico supporting the Trustee's argument in this appeal.
C. Applying the Standard for Avoidance Under § 544
1. The Bankruptcy Court's Ruling Is Supported by Applicable First Circuit and Puerto Rico Law
In this case, in rejecting the Trustee's § 544 argument, the bankruptcy judge essentially reiterated the position she articulated in Schwarz Reitman while expanding her analysis of the differences between mortgage law in Puerto Rico and Massachusetts, upon which the Traverse ruling was based. Adopting the rationale set forth in Schwarz Reitman, the bankruptcy court concluded that, because the Mortgage was not recorded in the Property Registry, "the mortgage lien [wa]s nonexistent" under Puerto Rico law and, therefore, there was no pre-petition transfer of an interest in property under § 101(54). In re Rivera Mercado, 587 B.R. at 229. As such, the court ruled, the Trustee was unable to avoid the unrecorded Mortgage as a transfer of property under § 544 or preserve it for the benefit of the estate under § 551. Id. The bankruptcy court's ruling that the unrecorded Mortgage was "nonexistent" is clearly supported by the applicable Puerto Rico mortgage law, as articulated by the First Circuit in Soto-Rios, supra, and by the Puerto Rico bankruptcy courts in Schwarz Reitman and its progeny.
*423 2. The Bankruptcy Court Correctly Concluded that Traverse Is Not Controlling
Arguing that "the law in Massachusetts is nearly identical to the law in Puerto Rico," the Trustee claims that the bankruptcy court erred when it ruled that Traverse was inapplicable to the present case. The Trustee's argument is unpersuasive for two primary reasons: (1) he relies on the wrong Massachusetts statute; and (2) he ignores Schwarz Reitman and its progeny.
(a) The Trustee Relies on the Wrong Massachusetts Statute
According to the Trustee, the relevant Massachusetts mortgage law is Mass. Gen. Laws ch. 185, § 67, which provides:
The owner of registered land may mortgage it by executing a mortgage deed. Such deed may be assigned, extended, discharged, released in whole or in part, or otherwise dealt with by the mortgagee by any form of deed or instrument sufficient in law for the purpose. But such mortgage deed, and all instruments which assign, extend, discharge and otherwise deal with the mortgage, shall be registered , and shall take effect upon the title only from the time of registration.
Mass. Gen. Laws ch. 185, § 67 (emphasis added). The Trustee contends that the Massachusetts and Puerto Rico statutes are "identical" because "[a] mortgage in Massachusetts, as in Puerto Rico, has to be registered in order for the land to be affected by said mortgage." He does not, however, cite or even identify the applicable Puerto Rico statute upon which he bases this comparison.
Moreover, the Trustee quotes the Massachusetts statute governing "registered land," which is inapposite here. In Massachusetts, real property may be either "registered" land, which is governed by the land registration system, or "unregistered (recorded)" land, which is governed by the land recording system. Typically, "[r]egistered land has gone through an adjudication process [in the Land Court] in order to quiet title, and the Commonwealth guarantees and insures the title to land that is registered." Bailey v. Wells Fargo Bank, NA (In re Bailey), 468 B.R. 464, 477 n.19 (Bankr. D. Mass. 2012) (explaining the difference between "registered" and "recorded" land in Massachusetts) (citing 28 Mass. Prac. Series, Real Estate Law § 22.1) (internal quotations omitted). For registered land, title is certified by the Commonwealth, the description of the land and a list of all encumbrances is found on a certificate of title issued by the Land Court, and documents affecting such land must be filed with the applicable Registry District of the Land Court. Id. Registered land is subject to different regulations from recorded land. See Mass. Gen. Laws ch. 185, §§ 1 - 118.
Most real property in Massachusetts is unregistered (recorded) land, which is conveyed by the delivery of a deed. In re Bailey, 468 B.R. at 477 n.19 (citation omitted). The applicable recording statute in Massachusetts for recorded land provides, in relevant part:
A conveyance of an estate in fee simple, fee tail or for life, or a lease for more than seven years from the making thereof, or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it, or an office copy as provided in section thirteen of chapter thirty-six, or, with respect to such a lease or an assignment of rents or profits, a notice of lease or a notice of assignment of rents or profits, as hereinafter defined, is recorded in the registry of deeds for the *424 county or district in which the land to which it relates lies.
Mass. Gen. Laws ch. 183, § 4 (emphasis added).
It is well established that Mass. Gen. Laws ch. 183, § 4, applies to mortgages and requires that a mortgage be recorded in the appropriate registry of deeds in order to provide effective notice to anyone beyond the parties to the mortgage transaction and those with actual notice of it. See Casey, 52 N.E.3d at 1035 (stating that Mass. Gen. Laws ch. 183, § 4, applies to mortgages) (citation omitted); see also Tramontozzi v. D'Amicis, 344 Mass. 514, 183 N.E.2d 295, 297 (Mass. 1962) (stating that, under the Massachusetts "recording statute," Mass. Gen. Laws ch. 183, § 4, "an unrecorded mortgage is invalid as against third parties who do not have 'actual notice' of it"). As noted earlier, because Massachusetts is a title theory state, an unrecorded mortgage in Massachusetts still provides a lender with an interest in the real property-a lien within the meaning of § 101(37) -albeit an unperfected one. See In re Smith, 315 B.R. 636, 640 (Bankr. D. Mass. 2004). In stark contrast, in Puerto Rico, a mortgage does not provide the mortgagee with title to the mortgaged property, and an unrecorded mortgage is "nonexistent" and a "nullity." See P.R. Laws Ann. tit. 30, § 2607 ; P.R. Laws Ann. tit. 31, § 5042 ; see also Soto-Rios, 662 F.3d at 118-19. Therefore, an unrecorded mortgage in Puerto Rico does not provide a lender with an unperfected lien or security interest in the property.
Consequently, contrary to the Trustee's assertions, the relevant Massachusetts and Puerto Rico mortgage laws are not "identical," and the Trustee has failed to demonstrate that the bankruptcy court erred in declining to follow Traverse or distinguishing the facts of Traverse from those presented here.
(b) The Trustee Ignores Schwarz Reitman and Its Progeny
The Trustee's argument is also flawed because he overlooks Schwarz Reitman, Rosas Garcia, and Lopez Cancel. These cases unequivocally hold that an unrecorded mortgage in Puerto Rico is "nonexistent" and does not give rise to a property interest. Although the Trustee cursorily acknowledges in a footnote in his brief that some "contrary decisions exist," he does not attempt to distinguish this recent case law in any way, nor does he recognize the differences between Massachusetts and Puerto Rico law which drive the holdings in those decisions. Rather, he simply states that he "disagree[s]" with the bankruptcy court's reliance on "those contrary decisions." It is the Trustee's burden to demonstrate that the bankruptcy court erred in its analysis. He has failed to do so.
For the reasons set forth above, we conclude that the bankruptcy court did not err in ruling under Rule 12(c) that the Trustee did not state a plausible claim for avoiding the unrecorded Mortgage under § 544 and preserving it under § 551.
D. Applying the Standard for Avoidance Under § 549
The Trustee also argues that the Mortgage was avoidable as a post-petition transfer under § 549. Section 549(a) provides that "the trustee may avoid a transfer of property of the estate ... that occurs after the commencement of the case; and ... that is not authorized under this title or by the court." 11 U.S.C. § 549(a) (emphasis added). According to the Trustee, because BPPR could present the Mortgage to the Property Registry "at any time," the Mortgage "represents a post-petition transfer of property without authorization of the [c]ourt." This argument also lacks merit.
*425 As discussed at length above, recording is a "constitutive" act for a mortgage in Puerto Rico and, therefore, a mortgage is ineffective-and does not transfer a property interest or create a lien on the property-until it is presented to the Property Registry for recording. See Soto-Rios, 662 F.3d at 119. BPPR never presented the Mortgage for recording at the Property Registry-neither before the commencement of this case, nor after. Therefore, no post-petition transfer could ever have occurred as required by § 549. Even if BPPR could, "at any time," in the future present the Mortgage to the Property Registry for recording, the occurrence of any such act is purely speculative and does not transform the pre-petition execution of the Mortgage into a post-petition transfer made without authorization of the bankruptcy court. The Trustee cites no authority for the proposition that a mortgage presentation or recording that has yet to occur and may never occur falls within the meaning of a post-petition transfer contemplated by § 549. See 11 U.S.C. § 549(a)(1).[9]
Therefore, the bankruptcy court did not err in ruling under Rule 12(c) that the Trustee failed to state plausible claims for avoiding the unrecorded Mortgage under § 549 and preserving it under § 551.
II. Whether the Bankruptcy Court Erred in Dismissing the Complaint
A. Sua Sponte Dismissal
The bankruptcy court sua sponte dismissed the complaint under Rule 12(b)(6), concluding that the Trustee failed to "state plausible claims for relief regarding the avoidance and preservation actions under [§§] 544 and 551." The First Circuit has recognized that a court may dismiss a complaint sua sponte under Rule 12(b)(6) if the plaintiff has been afforded notice and an opportunity to amend the complaint; such notice is not required, however, when it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile[.]" Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (citation omitted).
Here, the bankruptcy court did not provide notice to the Trustee that it was contemplating dismissal, nor did it afford the Trustee an opportunity to amend his complaint. We need not assess whether amending the complaint would have been futile, however, as the Trustee has waived all issues relating to the sua sponte nature of the dismissal by failing to identify them in his statement of the issues on appeal or in his appellate briefs.[10] See In re Canning, 706 F.3d at 70 n.7 (stating that appellants waived issue by failing to raise it in their opening brief); Evans Cabinet Corp. v. Kitchen Int'l, Inc., 593 F.3d 135, 148 n.20 (1st Cir. 2010) (same); Ortiz v. Gaston Cnty. Dyeing Mach. Co., 277 F.3d 594, 598 (1st Cir. 2002) (stating that the First Circuit has "repeatedly [ ] warned litigants that failure to brief an argument will result in waiver for purposes of appeal") (citation omitted). The First Circuit has specifically ruled that a party who fails to adequately address due *426 process issues in its appellate brief waives the issue. See, e.g., United States v. Valdés-Ayala, 900 F.3d 20, 43 n.22 (1st Cir. 2018) (stating that although the appellant "suggest[ed] a violation of his constitutional rights, these arguments are waived for failure to develop them"); Moushigian v. Marderosian, 764 F.3d 123, 126 n.3 (1st Cir. 2014) (stating that "any due-process argument [appellant] may be making is so undeveloped that it is waived"). Furthermore, at oral argument in this appeal, counsel for the Trustee stated that the Trustee was not seeking an opportunity to amend the complaint.
Therefore, our examination of the propriety of dismissal is limited to whether it was appropriate under Rule 12(b)(6).
B. Dismissal Under Rule 12(b)(6)
The Panel recently stated:
Rule 12(b)(6)"provides a vehicle for [parties] to request the dismissal of a case for claims for failure to state a claim upon which relief may be granted." Febus-Cruz v. Sauri-Santiago, 652 F.Supp.2d 140, 146 (D.P.R. 2009) (citing Fed. R. Civ. P. 12(b)(6) ). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' " Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). To avoid dismissal under Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955 ).
Banco Cooperativo de P.R. v. Ramos Herrera (In re Ramos Herrera ), 589 B.R. 444, 451-52 (1st Cir. BAP 2018).
As discussed earlier, the above standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. Pérez-Acevedo, 520 F.3d at 29 (citation omitted). Therefore, it follows that a determination under Rule 12(c) that the plaintiff is not entitled to judgment as a matter of law based on the uncontested facts is essentially a determination that the plaintiff has failed to establish plausible claims for relief, which is the basis for dismissal under Rule 12(b)(6). See Cox v. Specialty Vehicle Sols., LLC, 715 F. App'x 443, 446 (6th Cir. 2017) (stating that because the same standards apply under Rule 12(c) and Rule 12(b)(6), it did not matter which procedural rule provided the basis for the court's dismissal of the case).
As the Trustee's complaint did not establish a plausible claim for relief for purposes of Rule 12(c), it similarly fails for purposes of Rule 12(b)(6). As such, the bankruptcy court did not err in concluding that the Trustee failed to state a colorable claim for relief under §§ 544, 549, and 551, and dismissing the complaint under Rule 12(b)(6).
CONCLUSION
For the reasons set forth above, we conclude that the bankruptcy court did not err in ruling that the Trustee failed to state plausible claims for avoiding the unrecorded Mortgage under § 544 and 549 and preserving it under § 551. Therefore, we AFFIRM the court's denial of the motion *427 for judgment on the pleadings under Rule 12(c). Furthermore, as the Trustee has waived any arguments that his due process rights were violated by the court's failure to provide him notice regarding the dismissal, we also AFFIRM the court's dismissal of the complaint under Rule 12(b)(6) on the same basis.

Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101 et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

BPPR has not asserted, in the bankruptcy proceedings below or in this appeal, that the bankruptcy court's order granting the motion to compel the Trustee to abandon the Property precluded the Trustee from pursuing his complaint or this appeal.

For the text of § 101(54), see infra at 15.

In a footnote, the bankruptcy court also ruled that the Debtor was an "indispensable party" under Bankruptcy Rule 7019 and should have been included in the litigation. In re Rivera Mercado, 587 B.R. at 226 n.2. On appeal, the Trustee does not challenge, or even address, this ruling and, therefore, the issue is waived. See Canning v. Beneficial Me., Inc. (In re Canning), 706 F.3d 64, 70 n.7 (1st Cir. 2013) (stating that appellant waived issue by failing to raise it in its opening brief).

The bankruptcy court noted that the Trustee also relied on Matienzo Lopez, supra, which "has since been supplanted in the case of [Rosas Garcia, infra ]." In re Rivera Mercado, 587 B.R. at 228 n.4. The bankruptcy court was troubled by the Trustee's failure to disclose this adverse legal authority, as well as the adverse ruling entered in Schwarz Reitman, supra, as required under Rule 3.3 of the ABA Model Rules of Professional Conduct. Id.

On December 8, 2015, Puerto Rico's legislature passed Act 210-2015, known as the Commonwealth's Property Registry Act. See P.R. Laws Ann. tit. 30, §§ 6001, et seq. (2015). The Mortgage at issue in this case, however, was executed in 2014 and therefore is governed by the Mortgage and Property Registry Act of 1979. See Bautista Cayman Asset Co. v. Estate of Maldonado-Morales, No. 16-1041CCC, 2017 WL 3534994, at *5 n.2 (D.P.R. Aug. 15, 2017) (recognizing that mortgage executed in 2011 was governed by the Mortgage and Property Registry Act of 1979).

Although recording is a prerequisite to a valid mortgage under Puerto Rico law, it is actually the "presentment" of the mortgage to the Property Registry that establishes priority between "competing registrations." Soto-Rios, 662 F.3d at 119 (determining that creditor who "presented" mortgage to the registrar before the debtors filed their petition obtained a pre-petition interest in the property). The distinction between presenting a mortgage for recording and the actual recording of the mortgage by the registrar is not dispositive here, however, as it is undisputed that neither act occurred prior to the Debtor's bankruptcy filing.

The First Circuit reached this result without citing the applicable Massachusetts mortgage statute, or addressing the lien theory/title theory distinction.

The court is aware that the mortgagee's failure to take the necessary steps under the laws of Puerto Rico to create a valid security interest in the Property creates a windfall for the Debtor (and not the unsecured creditors through the trustee's avoidance powers) but that result is dictated by the application of the Code and the laws of Puerto Rico. To conclude otherwise would license the Trustee to weave gold from straw.

Furthermore, the Trustee acknowledged at oral argument that amendment of his complaint would have been "futile" and that BPPR would have simply filed a separate motion to dismiss under Rule 12(b)(6).